UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN HERNANDEZ RAMOS, et al., <br><br> Petitioners, <br><br> v. <br><br> LAURA HERMOSILLO, et al., <br><br> Respondents. | Case No. 2:25-cv-02273-TMC <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–18. Petitioners Ruben Hernandez Ramos and Fernando Varela Montoya each requested a bond hearing before an Immigration Judge ("IJ"), and both were denied on the basis that they were subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 3-6 at 2. Hernandez Ramos received bond in the alternative in the amount of $10,000, and Varela Montoya received bond in the alternative in the amount of $7,500. Dkt. 3-3 at 2; Dkt. 3-6 at 2. Petitioners Anatalia Marquez Aguilar, Javier Morales Martinez, Felipe Zendejas Lango, and

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Ignacio Manuel Pulido Gomez have each requested a bond hearing but have not yet received a ruling from an IJ. Dkt. 10 at 4.

On November 14, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 36–40. Hernandez Ramos and Varela Montoya request immediate release from custody or, in the alternative, release upon payment of their alternative bond amounts and any conditions set by the government. *Id.* at 8. Marquez Aguilar, Morales Martinez, Zendejas Lango, and Pulido Gomez request an order requiring Respondents to provide them bond hearings within seven days. *Id.*

Also on November 14, Petitioners filed an *ex parte* motion for order to show cause. Dkt. 2. On November 17, the Court issued an order directing Respondents to file a return and setting an expedited briefing schedule. Dkt. 8. On November 18, Respondents filed a return. Dkt. 10. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## I. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## II. DISCUSSION

**A.     Petitioners are entitled to habeas relief because their mandatory detention violates the INA.**

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

<blockquote>
All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.
</blockquote>

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 36–40. While Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 10 at 3–4.

For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioners are detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Petitioners have thus shown they are "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3).

**B.     The Court declines to order the unconditional release of Petitioners Ruben Hernandez Ramos and Fernando Varela Montoya.**

Petitioners argue that the Court should order the immediate, unconditional release of Hernandez Ramos and Varela Montoya because Respondents have failed to comply with the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

declaratory judgment in *Rodriguez Vazquez*. Dkt. 1 ¶ 21; Dkt. 2 at 3–5. The Court declines to do so.

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

The Court concludes that Petitioners' request for unconditional release is premature. The *Rodriguez Vazquez* declaratory judgment is not a prior habeas order with which Respondents have failed to comply. Section 1226 requires only consideration of release on bond, and conditional release that allows compliance by honoring the alternative bond amounts set by the IJs would correct Respondents' ongoing violation of the INA as to these Petitioners. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioners may seek further relief from the Court at that time.

### III. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must do the following:

   a. Either release Petitioner Ruben Hernandez Ramos or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Immigration and Customs Enforcement/the Department of Homeland Security.

    b. Either release Petitioner Fernando Varela Montoya or allow his release upon payment of the alternative bond amount of $7,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3. Within 14 days of this order, Respondents must either release Petitioner Anatalia Marquez Aguilar or provide her a bond hearing under 8 U.S.C. §1226(a).

4. Within 14 days of this order, Respondents must either release Petitioner Javier Morales Martinez or provide him a bond hearing under 8 U.S.C. §1226(a).

5. Within 14 days of this order, Respondents must either release Petitioner Felipe Zendejas Lango or provide him a bond hearing under 8 U.S.C. §1226(a).

6. Within 14 days of this order, Respondents must either release Petitioner Ignacio Manuel Pulido Gomez or provide him a bond hearing under 8 U.S.C. §1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 21st day of November, 2025.

Tiffany M. Cartwright
United States District Judge